IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | Chapter 7 |
|---|---|
| In re SHERRYL MADISON, | Case No.: 2:09-bk-22225-PHX SSC |
| | (Not for Publication- Electronic Docketing ONLY) |
| Debtor. | |
| CYLER and ROXANNE GROSETH, husband and wife, | |
| Movants, | |
| v. | |
| SHERRYL MADISON, Debtor; ANTHONY MASON, Chapter 7 Trustee, | MEMORANDUM DECISION |
| Respondents. | |

I. PRELIMINARY STATEMENT

On September 23, 2010, this Court conducted a preliminary hearing on the motion for relief from the automatic stay filed by Cyler Groseth and Roxanne Groseth ("Movants"). The Debtor, Sherryl Madison, filed an objection the relief requested. Counsel for the Movants and the Debtor presented oral argument at the preliminary hearing. The Court advised the parties that it intended to vacate the stay, and outlined its reasons therefor preliminarily on the record. It stated that it would place its decision on the record later that day. Unfortunately, because of the Court's heavy calendar, the decision was not placed on the record

1

that day. The Court has now set forth, in this memorandum decision, its findings of fact and conclusions of law. Fed.R. Bankr.P. 7052. The Court has jurisdiction over this matter, and this is a core proceeding. 28 U.S.C. §§1334 and 157 (West 2010).

## II. FACTUAL FINDINGS

At the preliminary hearing, the Court inquired of Debtor's counsel whether he had reviewed the electronic docket in the Debtor's case, given his arguments that the Movants had improperly acquired their interest in the real property located at 24220 N. 53rd Avenue, Glendale, AZ 85310 ("Property"). Given his response, in the negative, the Court must first outline what has transpired in this case as to the Property.

The Debtor filed her chapter 13 petition on September 10, 2009. On September 25, 2009, the Debtor listed this Property on Schedule A, with a value of $390,000; and on Schedule C, as to property claimed as exempt, with a value of $439,500.[1] The Debtor has amended her Schedules a number of times, but has consistently listed the Property as noted above.[2] Although the Debtor asserted that she was proceeding with an objection as to the proof of claim, filed by the secured creditor, as to this Property, she never followed through on her objection, as amended.[3]

Meanwhile, on December 4, 2009, Residential Funding LLC filed a motion for relief from stay as to the Property.[4] The Motion was duly served on the Debtor and the Chapter

---

**1.** Docket Entry No. 29. On Schedule D, the Debtor listed no creditors as having a secured claim or interest in any of her property.

**2.** See, for instance, Docket Entry Nos. 63 and 86.

**3.** For instance, on November 18, 2009, she filed an objection to the proof of claim filed by GMAC Mortgage as to her residence. Docket Entry No. 65. On November 20, 2009, she filed an amended objection to the same claim. Docket Entry No. 67. However, she did not proceed with the objection, providing notice and requesting a hearing thereon.

**4.** Docket Entry No. 82.

2

13 Trustee.[5] The Court has reviewed the documents and declaration provided in support of the Residential Funding Motion. The promissory note ("Note") was executed by the Debtor in favor of American Bank and Trust Co., NA, on July 13, 2006, in the original principal amount of $975,000. The Note reflects a number of endorsements. The first endorsement, executed by American Bank and Trust, states that the Note is "payable without recourse to GMAC Bank." The second endorsement, executed by GMAC Bank, states that it is payable without recourse to "GMAC Mortgage Corp." The third endorsement, executed by GMAC Mortgage Corp., states that it is payable without recourse to "Residential Funding Company LLC."[6] The body of the Note states that it may be transferred by the payee (financial institution). American Bank and Trust Co., NA, was also listed as the beneficiary on a deed of trust ("Deed of Trust"), which was recorded as a lien against the Property. The record also reflects an assignment of the beneficial interest in the Deed of Trust to Residential Funding Co. MERS executed the assignment on November 20, 2009.[7] The Debtor apparently did not oppose the relief requested in this Motion, and the Court executed the order vacating the stay on January 26, 2010.[8] No appeal was taken from this Order.

After the stay was vacated, Residential Funding apparently proceeded with its rights and remedies under Arizona law. The trustee under the Deed of Trust conducted a trustee's sale of the Property, and a Trustee's Deed Upon Sale was recorded in the Maricopa County Recorder's Office on April 14, 2010.[9] The Movants are listed as the grantees under the

---

**5.** Docket Entry No. 85.

**6.** Docket Entry No. 82, Exhibit A.

**7.** Docket Entry No. 82, Exhibit C. "MERS" is an acronym for the "Mortgage Electronic Registration System."

**8.** Docket Entry No. 149.

**9.** See Exhibit A to the Groseths' Motion for Relief from Stay, Docket Entry No. 168.

3

Trustee's Deed Upon Sale.[10] In the current Motion for Relief from Stay, the Movants assert that on April 15, 2010, they filed a complaint to evict the Debtor with the Maricopa County Superior Court. On May 24, 2010, the Debtor removed the action to the Arizona Federal District Court.[11] The Arizona Federal District Court Judge concluded that there was no federal question presented and remanded the eviction action back to the Maricopa County Superior Court.[12] The State Court subsequently conducted a hearing, concluded that possession of the Property should be granted to the Movants, noted unpaid rent in the amount of $7,500, awarded attorneys' fees and costs, and directed that a writ of restitution issue on July 1, 2010.[13]

On June 30, 2010, the Debtor converted her chapter 13 case to proceedings under chapter 7. It was only after the conversion that the Movants avow that they learned of the Debtor's bankruptcy proceedings. The Movants filed their Motion for Relief from Stay so that they may obtain possession of the Property as ordered by the State Court.

The Debtor counters these allegations by asserting that (1) the Movants are not the real parties in interest; (2) any assignment from MERS of the beneficial interest in the Deed of Trust is not valid; (3) MERS assigned the Deed of Trust to Residential Funding Company LLC, but there is no proper assignment from American Bank to GMAC to Residential Funding; and (4) the Chief Executive Officer of Executive Trustee Services LLC and GMAC Mortgage LLC committed fraud in the substitution of the trustee under the Deed of Trust and in the notice of Trustee's Sale of the Property. The record also includes an incomplete declaration from the Debtor's expert, Mr. William McCaffrey. The expert's declaration does not state any facts or any opinion as to the Property.

---

10. Id.

11. See Exhibit C to the Groseths' Motion for Relief from Stay, Docket Entry No. 168.

12. Id.

13. See Exhibit D to the Groseths' Motion for Relief from Stay.

4

III. CONCLUSIONS OF LAW

A. <u>Preliminary Matters</u>

This Court already vacated the stay as to Residential Funding Company LLC. The record reflects that the Debtor received notice of the Motion and had an opportunity to object. No objection was filed by her or the Chapter 13 trustee. Thereafter the Court executed the order vacating the stay.[14] Once the stay has been vacated as to the Debtor and the Trustee in the Chapter 13 case, a creditor need not file another motion for relief from stay once the case has been converted to another chapter. Stated another way, a conversion of a case from one chapter to another does not reimpose the automatic stay. Since Residential Funding had the ability to proceed with a non-judicial foreclosure sale under Arizona law, the purchaser at said sale need not separately move for vacatur of the stay. Therefore, it is unclear why the Movants felt compelled to file this current motion for relief from the automatic stay. Perhaps the Movants were surprised to learn that the Debtor even had a pending case, since she had not raised the issue in any of her prior pleadings filed in the State or Federal Courts.

B. <u>The Allegations as to MERS</u>

Turning to the merits of the current Motion, MERS primarily serves as a document custodian or registry to assist members of its system in the transfers of the beneficial interests in the deeds of trust or other documents concerning real estate. MERS provides this service to members, and is generally listed as the party holding "legal title" to the beneficial interest in the deed of trust as a means to effectuate the transfer of the beneficial interest in any deed of trust amongst its members. Thus, if one member is listed as a beneficiary on a deed of trust, it may transfer that interest to another member, through the MERS registry system, without recording a document in the public records. As a result, the members need not pay a

---

**14.** The order vacating the stay is Docket Entry No. 149. The order was sent to the Chapter 13 trustee by the Bankruptcy Noticing Center on January 27, 2010. Docket Entry Nos. 150 and 151. There is no separate docket entry reflecting whether the order was also sent to the Debtor.

5

recording fee every time they transfer a beneficial interest in a particular deed of trust. The Arizona District Court has concluded that such internal tracking by MERS is not a sham and does not perpetrate a fraud upon the borrower. <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 2009 WL 3157160 (D. Ariz. 2009). MERS, as the named beneficiary, also has the power to appoint a trustee or successor trustee under Arizona's non-judicial foreclosure statute. <u>Contreras v. U.S. Bank as Trustee for CSMC Mortg. Backed Pass-Through Certificates, Series 2006-5</u>, 2009 WL 4827016 (D. Ariz. 2009).

When Residential Funding Company LLC originally filed its motion for relief from stay, the Court reviewed all of the documents presented by Residential Funding Company LLC to ensure that it had set forth a *prima facie* case as to the relief requested. A motion for relief from stay is not the appropriate avenue to assert claims that focus on the nature, extent, and validity of a lien. Such actions must normally be brought by adversary proceeding. <u>Johnson v. Righetti</u>, 756 F.2d 738, 740 (9th Cir. 1985). Based upon the Residential Funding documentation, the Court vacated the automatic stay as to the Debtor.

Given the Court's analysis herein, there is no reason to conclude that on this Motion for Relief from Stay, the Court should somehow rely on the Debtor's current allegations as to MERS to deny the relief now requested. It appears from this record that MERS had the ability to change the trustee under the Deed of Trust. Next, since MERS tracks the beneficial interests of its members in various deeds of trust, including the transfer of the beneficial interests from member to member, it was not improper for MERS to note that the beneficial interest in the Deed of Trust on the Property had ultimately been transferred to Residential Funding Company LLC, the party that brought the Motion for Relief from Stay originally to this Court.

C. <u>The Conclusive Presumption as to the Trustee's Deed Upon Sale</u>

There is another basis to grant the relief currently requested by the Movants. As noted in the Court's statement of facts, the Movants were the successful bidders at a non-judicial foreclosure sale conducted under Arizona law. A.R.S. §33-811(B) states, in pertinent part:

6

> The Trustee's Deed shall raise the presumption of compliance with the requirements of the Deed of Trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of Notice of Sale, and the conduct of the sale. A Trustee's Deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice. A.R.S. §33-811(B)(West 2010)

A.R.S. §33-811(E) also states that such a conveyance is "absolute without right of redemption and clear of all liens, claims or interest that have a priority subordinate to the Deed of Trust. ..." A.R.S. §33-811(E)(West 2010). This Court has also concluded that only in rare and exceptional circumstances will it consider any type of claim as to an improper trustee's sale. In re Hills, 299 B.R. 581 (Bankr. D. AZ 2002).[15] There are no facts in this record to reflect that the Movants acted improperly or engaged in any fraudulent conduct. The record reflects that they were purchasers at an Arizona non-judicial trustee's sale, for value, and without actual notice of any deficiencies. As such, the Court concludes that the Movants have conclusively shown that all requirements of the Deed of Trust have been complied with and all requirements under Arizona law concerning non-judicial foreclosure sales have been complied with as to the conduct, and all other elements, of the sale of this Property. The Movants are entitled to relief from stay to continue with the eviction action or any other rights or remedies that they may have under Arizona law.

## IV. CONCLUSION

The Groseths, by way of declaration and exhibits, are entitled to relief from the automatic stay to pursue their rights and remedies under Arizona law. The Groseths should submit a form of order vacating the automatic stay.

---

**15.** The Court was presented with a Trustee's Deed Upon Sale in that case. However, evidence was presented at the time the complaint was filed that the purchaser at the trustee's sale had notice of various deficiencies and could not be considered as "purchasers. . .for value and without actual notice." At the conclusion of all evidence presented at the trial, the Court concluded the plaintiff did not have credible evidence to support its claim of actual notice of any deficiency in the trustee's sale and ruled that the trustee's sale was valid.

7

DATED this 4th day of October, 2010.

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge

8